# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
# BALTIMORE DIVISION

| | |
|---|---|
| JANE DOE, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 1:20-cv-00370 |
| UBER TECHNOLOGIES, INC., et al., | ) |
| Defendants. | ) |

## PLAINTIFF'S MOTION TO STRIKE AFFIDAVIT OF JOHN KENNEY

Plaintiff, Jane Doe, by and through her undersigned counsel, pursuant to Federal Rule of Civil Procedure Rule 12(f), moves this Court for an Order striking certain immaterial, impertinent, and scandalous matter from all or portions of Defendant John Kenney's Affidavit, dated April 7, 2021, submitted in support of his Motion to Vacate Order of Default, for the reasons set forth below:

1. This case involves allegations of nonconsensual sex with her Uber driver, John Kenney, Jr., and rape by his accomplice, Charles Veney, of the Plaintiff, a young female college student, who was unconscious during a significant portion of the illicit acts. *See* Complaint and Demand for Jury Trial, ECF 1, dated February 11, 2020; *see also* Amended Complaint and Demand for Jury Trial, ECF 22, dated January 6, 2021. Prior to the incidents at issue, Plaintiff was a confident and outgoing young woman with endless potential. However, the quality of her life has been destroyed by the emotional and psychological damage resulting from the nonconsensual sex at the hands of her Uber driver and rape by his accomplice. The extreme emotional, physical, and psychological trauma of the events of that evening led Ms. Doe to contemplate suicide. She will bear this trauma for the rest of her life.

2. Along with her Complaint, Ms. Doe filed a Motion to Proceed Under Pseudonym. *See* Plaintiff's Motion to Proceed Under Pseudonym, ECF 2, dated February 11, 2020. The next day, on February 12, 2020, the Court granted Plaintiff's Motion. *See* Order, ECF 3, dated February 12, 2020. The Court ordered that "the parties, their attorneys, and agents are refrained from publishing Plaintiff's true identity" and "that all papers filed in this action . . . refer to Plaintiff [using] the pseudonym 'Jane Doe.'" *Id.*

3. In direct violation of this Order, on April 9, 2021, Defendant Kenney, through his attorney, filed a Motion to Vacate Order of Default, which attached as an exhibit an affidavit submitted by Defendant Kenney in which he published Plaintiff's true identity. *See* Motion to Vacate Order of Default, ECF 45, and Affidavit of John Kenney, ECF 45-2, dated April 9, 2021.

4. Plaintiff requests that the Affidavit of John Kenney be stricken, pursuant to Federal Rule of Civil Procedure 12(f), because it is in violation of this Court's Order, the revelation of Plaintiff's true identity in the Affidavit has no possible relation to the controversy, and the revelation prejudices the Plaintiff.

5. Rule 12(f) provides, in part: "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." *See*, *.e.g.*, *Haley Paint Co. v. E.I. du Pont de Nemours & Co.*, 279 F.R.D. 331, 335 (D. Md. 2012). In determining whether to grant a motion to strike, the court "enjoys wide discretion . . . in order to minimize delay, prejudice and confusion by narrowing the issues for discovery and trial." *Id.* at 336.

6. Rule 12(f) motions ordinarily "will be denied unless the matter under challenge has 'no possible relation to the controversy and may prejudice the other party.'" *U.S. ex rel. Ackley v. Int'l Bus. Machines Corp.*, 110 F. Supp. 2d 395, 406 (D. Md. 2000) (quoting *Steuart Inv.*

*Co. v. Bauer Dredging Constr. Co.*, 323 F. Supp. 907, 909 (D. Md. 1971)); *accord Williams v. Kettler Mgmt. Inc.*, CCB-12-1226, 2014 WL 509474 (D. Md. Feb. 5, 2014); *E.E.O.C. v. Spoa, LLC*, CCB-13-1615, 2014 WL 47337 (D. Md. Jan. 3, 2014). In contrast, "'the disfavored character of Rule 12(f) is relaxed in the context of scandalous allegations, *i.e.*, those that improperly cast a derogatory light on someone.'" *Asher & Simons, P.A. v. J2 Global Canada, Inc.*, 965 F. Supp. 2d 701, 702 (D. Md. 2013) (citation omitted), *partial reconsideration on other grounds*, 977 F. Supp. 2d 544 (D. Md. 2013).

7. Here, the publication of the Plaintiff's true identity, in a public filing, is in violation of this Court's Order. *See* ECF 3. The publication in a public pleading is the exact reason why Plaintiff filed her Motion to Proceed Under a Pseudonym. See ECF 2, ¶ 7 ("publicity could exacerbate the psychological harm that she has already experienced."); citing *De Amigos*, No. 11-cv-1755, 2012 U.S. Dist. LEXIS 190501 at *6 ("such publicity could exacerbate the psychological harm that she has already experienced[.]")).

8. Additionally, the Plaintiff's identity is immaterial, impertinent, and scandalous. *See*, .*e.g.*, *E.I. du Pont de Nemours & Co.*, 279 F.R.D. at 335. Plaintiff's identity has no relevance to a motion to vacate a default judgment and only serves to prejudice the Plaintiff. There was simply no reason, in a Motion to Vacate Default, to violate the Court's Order and expose Plaintiff's identity, especially in a case such as this, which is of a highly sensitive and personal nature.

WHEREFORE, Plaintiff respectfully requests that this Court strike all or portions of Defendant John Kenney's Affidavit, dated April 7, 2021, submitted in support of his Motion to Vacate Order of Default, and any other relief that this Court deems appropriate.

Respectfully submitted this 15th day of April 2021,

SMOUSE & MASON, LLC


_____/s/_____
Roy L. Mason (00922)
Zachary E. Howerton (20688)
223 Duke of Gloucester Street
Annapolis, MD 21401
410-269-6620
410-991-4573 facsimile
rlm@smouseandmason.com
zeh@smouseandmason.com

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I certify that on April 15, 2021, a copy of the foregoing Motion for Clerk's Entry of Default was caused to be served by filing that document with the Clerk of the Court under the Court's CM/ECF system, which electronically transmits a copy to the registered participants, including:

Christine Hogan, Esq.
Kathryn Grace, Esq.
Wilson Elser Moskowitz Edelman & Dicker LLP
500 East Pratt Street, Suite 600
Baltimore, MD 21202
410.962.7220 (Direct)
410.539.1800 (Main)
410.962.8758 (Fax)
christine.hogan@wilsonelser.com
kathryn.grace@wilsonelser.com
*Attorneys for Defendant Uber Technologies, Inc.*

J. Gordon Wyndal, Esq.
The Law of J. Gordon Wyndal, P.A.
20 South Charles Street, Suite 400
Baltimore, Maryland 21201
410.332.4121 (Office)
410.347.3144 (Fax)
jwgattys@aol.com
*Attorney for Defendant John Kenney*

Charles Veney
Jessup Correctional Institution
7805 House of Correction Road
Jessup, MD 20794

Human Resources Department
Maryland Department of Public Safety and Correctional Services
954 Forrest Street
Baltimore, MD 21202

        _____/s/_____
        Roy L. Mason (00922)