# RWL | RIFKIN WEINER LIVINGSTON LLC
## ATTORNEYS AT LAW

| | | | | |
|---|---|---|---|---|
| Alan M. Rifkin | Arnold M. Weiner | Scott A. Livingston (MD, DC) | Michael V. Johansen | Joel D. Rozner (MD, DC) |
| M. Celeste Bruce (MD, DC) | Charles S. Fax (MD, DC, NY)† | Jamie Eisenberg Katz (MD, DC, NY) | Barry L. Gogel | Liesel J. Schopler (MD, DC) |
| Stuart A. Cherry | Stephen Kuperberg (MD, DC) | Rita J. Piel | Michael D. Berman (MD, DC)† | Brad I. Rifkin |
| Camille G. Fesche (MD, DC, NY, NJ) | Madelaine Kramer Katz (MD, DC, VA) | Michael T. Marr (MD, DC, VA, NC) | Devon L. Harman | Laurence Levitan†† |
| Edgar P. Silver (1923-2014) | Michael A. Miller† | | Lance W. Billingsley†† | John C. Reith (Nonlawyer/Consultant) |
| †Of Counsel | | | | Matthew Bohle (Nonlawyer/Consultant) |
| ††Retired Emeritus | | | | Obie L. Chinemere (Nonlawyer/Consultant) |

November 12, 2021

<u>Via CM/ECF</u>
The Honorable A. David Copperthite
United States Magistrate Judge
United States District Court for
  the District of Maryland
101 West Lombard Street
Baltimore, MD 21201

Re: *Doe v. Uber Technologies, Inc.,* No. JKB-20-0370
<u>United States District Court for the District of Maryland</u>

Dear Judge Copperthite:

We are writing to Your Honor pursuant to the Court's Paperless Order. ECF 68. Plaintiff, Jane Doe, has stated under oath in a criminal trial that she went to a bar, had alcoholic beverages, contacted Uber Technologies, Inc. ("Uber"), for a ride home, received a response, got in the responding Uber vehicle, and was sexually assaulted in the motor vehicle on the evening of February 17-18, 2017. She has sued Uber, the sole remaining defendant. Uber asserts that it has searched its records and finds no ride request or driver dispatch. Further, Uber asserts that, six days before the assault, it terminated its relationship with the driver who Ms. Doe identified as the attacker.

The Hon. James K. Bredar has ruled that Plaintiff must show that she contacted Uber and Uber responded. ECF 51, 2021 WL 2382837. Solely for purposes of the present analysis, and without prejudice and reserving all rights, Plaintiff will agree that neither her records nor Defendant's current search efforts produced data reflecting the ride request. Defendant concludes from that absence of data that no ride request was made, and no driver was dispatched.

Plaintiff, however, has propounded discovery to determine whether the absence of data is Uber's fault. Plaintiff is seeking to determine whether: Uber's search was sufficiently comprehensive; a litigation hold was timely imposed and properly implemented; Uber's system integrity was sufficient in light of a documented "hack" a few months earlier; there is proof of Uber's termination of the attacker, prior to the attack, under all of his many aliases; and, there is other specific evidence to impeach Uber's purportedly flawless record-keeping.

Uber has told the Court that *its* records will provide clarity. *E.g.,* 2021 WL 2382837, at *2, 6. "This case presents the classic problem of asymmetric discovery—Defendant has nearly all the information that both sides need for the case, as well as the knowledge about where that

225 Duke of Gloucester Street, Annapolis, Maryland 21401
410.269.5066 | 410.269.1235 fax

2002 Clipper Park Road, Suite 108, Baltimore, Maryland 21211
410.769.8080 | 410.769.8811 fax

4800 Hampden Lane, Suite 820, Bethesda, Maryland 20814
301.951.0150 | 301.951.0172 fax

www.rwllaw.com

information is kept, how it is stored, and how it can be accessed." *Hall v. Marriott Intern'l., Inc.,* 2021 WL 1906464 (S.D.Ca. May 12, 2021), at *1. Your Honor has explained the general governing principles. If information was lost: "The Plaintiffs need not prove the content of the information or reconstruct the lost information in order to prove its relevance. That proposition is absurd." *McCoy v. Transdev Servs., Inc.,* 2021 WL 1215770, at *2 (D. Md. Mar. 31, 2021). The burden of proof is on the party resisting discovery and boilerplate is insufficient to carry the burden. *Stone v. Trump,* 453 F. Supp. 3d 758, 766 (D. Md. 2020).

Uber has produced only six pages of documents. In its Answers to Interrogatories, Written Response to Request for Production of Documents, and, Written Response to Request for Admission of Facts, Uber has made: "general" objections; "preliminary" statements; boilerplate objections; "to the extent" objections; and, conclusory privilege and trade secret objections without a privilege log. Uber also objects ~35 times under the repealed standard that Ms. Doe's discovery is not "reasonably calculated to lead to admissible evidence."[1] Uber has also failed to meet black-letter requirements of Rules 33(a)(4), 34(b)(2)(C), and 36(a)(4), as set forth below. As such, Ms. Doe is in the dark. She does not know what information Uber has and *what information Uber is withholding* under the numerous boilerplate objections. An evasive and incomplete answer is a failure to answer. Fed.R.Civ.P. 37(a)(4).

For example, Uber made ~120[2] "to the extent" objections, and this Court has written that those objections are "worthless for anything beyond the delay of discovery." *Mancia v. Mayflower Textile Servs. Co.,* 253 F.R.D. 354, 359 (D. Md. 2008). To the same effect, Uber made ~30 "subject to," and "without waiving" objections, all of which "are misleading, worthless and without legitimate purpose or effect. They reserve nothing." *Liguria Foods, Inc. v. Griffith Lab'ys, Inc.,* 320 F.R.D. 168, 187 (N.D. Iowa 2017)(citation omitted); *accord Marriott*, 2021 WL 1906464, at *5, *10. Uber interposed ~12 privilege objections to document requests, but it did not serve a privilege log. *Marens v. Carrabba's Italian Grill, Inc.,* 196 F.R.D. 35, 38 (D. Md. 2000) (privilege is waived by general objection);

"General" objections, conclusory assertions of privilege without a privilege log, "vanilla" confidentiality objections, "to the extent" objections, and unsupported objections that requests are "vague, overly broad, and unduly burdensome" are ineffective at a minimum. *Membreno v. Atlanta Restaurant Partners, LLC*, 2021 WL 351174 (D. Md. Feb. 2, 2021); *Stone,* 453 F. Supp. 3d at 766; *Waterkeeper All., Inc. v. Alan & Kristin Hudson Farm,* 2011 WL 13217389, at *3 (D. Md. June 1, 2011); *Mezu v. Morgan State Univ.,* 269 F.R.D. 565, 573 (D. Md. 2010); *Mancia,* 253 F.R.D. at 364; *Hopson v. Mayor & City Council of Baltimore,* 232 F.R.D. 228, 231 (D. Md. 2005); *Hall v. Sullivan*, 231 F.R.D. 468, 470 (D. Md. 2005); *Marens,* 196 F.R.D. at 38; *Liguria Foods,* 320 F.R.D. at 186.

The foregoing global flaws in Uber's responses are particularly prejudicial in light of Uber's related failure to comply with black letter requirements of the Rules. Fed.R.Civ.P.

---

[1] That provision has been repealed. *See Marriott*, 2021 WL 1906464, at *4; Advisory Comm. Notes to 2015 Amendments to Rule 26.

[2] The counting methodology is subjective. The boilerplate was frequently repeated multiple times in a single response. However, in all events there were a lot of these objections.

34(b)(2)(C) provides that: "An objection must *state* whether any responsive materials are being withheld on the basis of that objection." Fed. R. Civ. P. 34(b)(2)(C) (Emphasis added); *see* Discovery Guideline 10.a ("If a partial or incomplete answer is provided, the answering party shall state that the answer is partial or incomplete."). Uber did not so in any of its objections. To give only one example, Uber made ~11 trade secret objections to document requests, without disclosing whether it is withholding any documents under the objections.[3]

      Similarly, Uber states more than 20 times that it has insufficient information to admit or deny requests for admission. It does so even as to the contents of data downloaded *from its own site*. However, Rule 36(a)(4) states that Uber may assert lack of information "only if the party *states* that it has made reasonable inquiry…." [Emphasis added]. Uber did not make that mandated statement. "[A] refusal to admit, without detailed reasons why the responder cannot truthfully admit or deny is the equivalent of an admission." *Booth Oil Site Admin. Grp. v. Safety-Kleen Corp.,* 194 F.R.D. 76, 79 (W.D.N.Y. 2000). Further, Uber responds ~ 21 times that it lacks "personal" knowledge and cannot admit facts. That is not a valid objection to an RFA. Wright & Miller, 8B Fed. Prac. & Proc. Civ. § 2262 (3d ed.). Uber interposes ~13 hearsay objections to RFAs. "[T]hat a requested admission may involve hearsay is not disqualifying as statements of fact…." *Booth Oil Site*, 194 F.R.D. at 81.[4] Uber objects to alleged "speculation" ~16 times. That conclusory objection to an RFA is not valid. *Booth Oil Site*, 194 F.R.D. at 80-81.

      Uber's "general" and numerous boilerplate objections to interrogatories, summarized above, are also not well-founded: "The grounds for objecting to an interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." Rule 33(a)(4).

      Ms. Doe requests that the Court enter an order overruling the general, conclusory, and boilerplate objections, and directing that any objections meet the specificity, privilege log, and black-letter requirements of Rules 26(b)(5)(A), 33(a)(4), 34(b)(2)(C), and, 36(a)(4). Uber's counsel has been courteous, responsive, and professional and Ms. Doe both agrees to extend Uber's time and disclaims any request for sanctions. Plaintiff also requests any appropriate revision of milestones. Depositions are being delayed. Phase I discovery will end on December 7, 2021. ECF No. 54. Uber's anticipated dispositive motion is due on January 7, 2022. Ms. Doe anticipates that the defense will be an assertion that Uber's records show no relevant communications. Without the discovery responses that Plaintiff is entitled to under Rule 26(b), she will be prejudiced.[5]

                                      Respectfully submitted,
                                               s/
                                        Michael D. Berman
                                        (Bar No. 3010)

MDB/sar
cc:     All counsel (via CM/ECF)

---

[3] The parties have a written nondisclosure agreement.
[4] Further, the purported hearsay is admissible. *E.g.,* Fed.R.Evid. 803(3, 4, 5, 6, 8); Fed.R.Evid. 807(a).
[5] To comply with the milestone dates, Plaintiff served motions to compel. Local Rule 104.9.