

November 12, 2021

**Kathryn A. Grace**
703.852.7869 (direct)
703.855.1158 (mobile)
Kathryn.Grace@wilsonelser.com

<u>**Via CM/ECF**</u>
The Honorable A. David Copperthite
Magistrate Judge
United States District Court for the
District of Maryland
101 West Lombard Street
Chambers 8B
Baltimore, MD 21201

   Re:       *Jane Doe v. Uber Technologies, Inc., et al.*
           1:20-cv-00370

Judge Copperthite,

In response to this Court's Paperless Order of November 8, 2021 and Plaintiff's Counsel's November 4, 2021 Letter to Judge Bredar, please accept this correspondence as Defendant Uber Technologies, Inc.'s Response.

At the onset, this is a horrible incident of a sexual assault which occurred near the Loyola University Campus involving a then-student at the University. However, it has nothing to do with Defendant Uber Technologies, Inc. This incident did not involve any drivers who had access to the Uber App, the incident was not associated with a trip through the Uber App, nor is there any other connection between the horrific incident and Uber.

Plaintiff maintains that she requested a ride using the Uber App to leave a bar and that her driver arrived, sexually assaulted her, and ultimately returned her to Campus.

This Defendant was made aware of the assault by Plaintiff a few days later and investigated the incident. To that end, Defendant concluded that no ride was requested by Plaintiff and that none of the perpetrators even had access to the Driver App on the date of the incident. This information was conveyed to Plaintiff, through her Counsel, pre-suit. This incident simply had nothing to do with the Uber App.

Despite this incident not having anything to do with Uber, Plaintiff filed suit against Defendant. As part of this litigation, Defendant has responded to Interrogatories, Request for Production of Documents, and Request for Admissions as of the date of this Letter. Defendant has produced responsive documents within its possession and control. Defendant has exchanged its Rule 26(a)(2) Designation and supporting Declaration of its witness. Defendant has engaged with Plaintiff's Counsel on conducting Defendant's Corporate Designee Deposition.



Of concern to the Defendant is that Plaintiff seeks to have Defendant generate documents to prove an event (i.e., a ride request from Plaintiff utilizing the Rider App from a specific location, on a specific date, at a specific time range) yet these documents do not exist because the Ride was never requested. Defendant has detailed its search of Plaintiff's account, the two perpetrators' accounts, and those accounts of individuals identified as being with Plaintiff that evening at the bar, Social Pub and Pie.

Plaintiff, in an effort to carry her burden, has produced an image from a ride using the Rider App that occurred days earlier and, undisputedly, is not related to this incident. Plaintiff reasons that the information on the ride she requested from Social Pub and Pie existed but was deleted from her Rider App when the perpetrator "cancelled" the ride after the assault. Defendant maintains, and has conveyed to Plaintiff's Counsel, that this is not possible.

Plaintiff, in the face of sworn Affirmations and Declarations, turns to theories of security breaches, bugs, hacks, and the like to support her theory. Despite Defendant being able to determine each ride Plaintiff has taken since she downloaded the App, Plaintiff maintains some unknown, undefined and undetermined event erased this specific ride. Because Plaintiff has requested such information as policies on ephemeral messaging, data maps, structure of App platforms, all rides from the "Baltimore metropolitan area" on a given date and time, quarterly security updates, and like requests, Defendant has been forced to object as Plaintiff continues what can only be characterized as a fishing expedition to prove a negative.

Regarding the contents of Plaintiff's November 4, 2021 Letter, Defendant sets forth the following arguments:

## I.        Plaintiff's Request for Court Intervention is Not Ripe

On November 3, 2021 and November 5, 2021, Plaintiff served Motions to Compel pertaining to Defendant's Answers to Interrogatories, Responses to Requests for Production of Documents, and Responses to Requests for Admissions. Defendant's Oppositions to these Motions are due on November 17, 2021 and November 19, 2021. Defendant, candidly realizing some of its objections may be overly broad, is working to submit Amended and Supplemental Answers and Responses which will render the Motions to Compel and this Discovery Dispute moot. Further, while Plaintiff's Counsel references a conversation on November 3, 2021, Counsel fails to indicate that Defendant agreed to amend and supplement its Answers and Responses to include statements, where applicable, that no documents are being withheld, or alternatively, to produce a privilege log. Counsel also does not enlighten the Court that Defendant agreed to withdraw any "boilerplate objections" on the November 3, 2021 call.

## II.        Plaintiff Seeks Court Intervention on Informal Discovery Requests
##         Based on a Third-Party's Subpoena Response from October 26, 2021

Plaintiff submits to this Court in its November 4, 2021 Letter, that Defendant, in violation of the Federal Rules and Local Rules of this Court has failed to completely investigate "each and all of . . . [the assaulter's] many aliases." Plaintiff cites an Affidavit submitted by the Defendant from Todd Gaddis, Senior Data Scientist II with Uber Technologies, Inc. Despite Counsel's



representations to further a narrative of lack of candor, which plainly stated does not exist, Plaintiff is well aware that additional aliases have only come to light on October 26, 2021 from a subpoena response from Loyola University. Without the request for a formal discovery request for a search of those aliases, Defendant informed Plaintiff it would search its records and submit another sworn declaration of its findings.

### III. Plaintiff Seeks Court Intervention on an Issue the Parties Have Been Working to Solve

Lastly, Plaintiff raises an Error Notice her Expert is receiving when attempting to download her account. Defendant has requested information on this issue and relayed the information it knows about this issue to date to Plaintiff. However, upon information and initial investigation this appears to be a server issue for the Plaintiff, not an issue to do with Defendant.

In conclusion, Defendant continues to engage in good faith discovery practice and provide relevant data which exists, and is discoverable, to Plaintiff. Defendant believes Court intervention is not ripe in light of the above arguments. Defendant would be remiss to fail to acknowledge that there is a real concern that Plaintiff will never be satisfied with Defendant's Discovery Responses due to the nature of this offense and the desire to completely understand the circumstances surrounding same. To that end, however, Defendant cannot produce what is not there to be produced given this incident had nothing to do with Uber.

Defendant's would submit that the most judicially efficient and effective method to resolve any disputes, should they exist after November 19, 2021, would be to schedule a conference with the Parties and Your Honor the week of December 6, 2021. At that time, any discovery issues, including setting the Corporate Designee Deposition of Mr. Gaddis would be ripe for discussion as Plaintiff seeks to schedule said deposition in the midst of Plaintiff's raised discovery dispute and while Plaintiff seeks informal discovery from Defendant on the basis of newly returned subpoena responses from third-party entities.

Best regards,

Wilson Elser Moskowitz Edelman & Dicker LLP

*/s/ Kathryn A Grace*

Kathryn A. Grace

cc:     Zachary E. Howerton (via CM/ECF)
         Roy L. Mason (via CM/ECF)
         Michael D. Berman (via CM/ECF)