# RWL ‖ RIFKIN WEINER LIVINGSTON LLC
## ATTORNEYS AT LAW

| | | | | |
|---|---|---|---|---|
| Alan M. Rifkin | Arnold M. Weiner | Scott A. Livingston (MD, DC) | Michael V. Johansen | Joel D. Rozner (MD, DC) |
| M. Celeste Bruce (MD, DC) | Charles S. Fax (MD, DC, NY)† | Jamie Eisenberg Katz (MD, DC, NY) | Barry L. Gogel | Liesel J. Schopler (MD, DC) |
| Stuart A. Cherry | Stephen Kuperberg (MD, DC) | Rita J. Piel | Michael D. Berman (MD, DC)† | Brad I. Rifkin |
| Camille G. Fesche (MD, DC, NY, NJ) | Madelaine Kramer Katz (MD, DC, VA) | Michael T. Marr (MD, DC, VA, NC) | Devon L. Harman | Laurence Levitan†† |
| Edgar P. Silver (1923-2014) | Michael A. Miller† | | Lance W. Billingsley†† | John C. Reith (Nonlawyer/Consultant) |
| †Of Counsel | | | | Matthew Bohle (Nonlawyer/Consultant) |
| ††Retired Emeritus | | | | Obie L. Chinemere (Nonlawyer/Consultant) |

November 15, 2021

<u>Via CM/ECF</u>
The Honorable A. David Copperthite
United States Magistrate Judge
United States District Court for
  the District of Maryland
101 West Lombard Street
Baltimore, MD 21201

Re:   *Doe v. Uber Technologies, Inc.,* No. JKB-20-0370
      <u>United States District Court for the District of Maryland</u>

Dear Judge Copperthite:

We are writing to Your Honor in reply to assertions made by Defendant in its "ripeness" argument in §I of ECF 68. On *October 12*, 2021, Plaintiff's counsel sent a detailed letter to defense counsel requesting that the boilerplate be withdrawn, and the mandatory statements of due diligence be included. The parties spoke on November 3, 2021.

During that conversation, as recalled by all three of Plaintiff's attorneys and in contemporaneous notes, Defendant offered only to withdraw "*some*," but not all, of its boilerplate and wanted an *additional two weeks* to do so. Given the October 12th letter and the December 7th discovery cutoff – and in light of *Defendant's* prior statement that it would *not* agree to extend the cutoff – that was unworkable, and Plaintiff's counsel so stated. It did not moot the dispute.

Plaintiff has not requested that Defendant "generate" documents. She has asked Defendant to comply with the discovery rules. Plaintiff has not – at this time – requested Court intervention on the "403 Error." In fact, the November 4, 2021, letter to Judge Bredar states that "Plaintiff does not have sufficient information" to present the issue at this time. However, all information that Defendant "requested" has been provided to it. As to scheduling of the depositions of Mr. Gaddis, the defense expert and Rule 30(b)(6) designee, Plaintiff has not presented that issue and has done nothing but request dates that comply with the Court's milestones as they currently exist.

                                  Respectfully submitted,
                                         s/
                                  Michael D. Berman
                                  (Bar No. 3010)

MDB/sar
cc:     All counsel (via CM/ECF)

| 225 Duke of Gloucester Street, Annapolis, Maryland 21401 | 2002 Clipper Park Road, Suite 108, Baltimore, Maryland 21211 | 4800 Hampden Lane, Suite 820, Bethesda, Maryland 20814 |
|---|---|---|
| 410.269.5066 \| 410.269.1235 fax | 410.769.8080 \| 410.769.8811 fax | 301.951.0150 \| 301.951.0172 fax |

www.rwllaw.com